## Case No. 11,139.

### In re PIERCE et al.

[7 Biss. 426: 15 N. B. R. 449; 9 Chi. Leg. News, 300; 15 Alb. Law J. 517.] [1]

Circuit Court, E. D. Wisconsin. April, 1877.

GIFT OF PERSONAL PROPERTY BY INSOLVENT HUSBAND TO WIFE—SUMMARY JURISDICTION OF BANKRUPTCY COURT—PRACTICE.

1. Gift of personal property by insolvent husband to wife, without any visible change of possession, does not constitute an adverse interest in the wife so as to compel the institution of separate proceedings for the purpose of litigating the rights of the parties.

2. On a petition by the assignee of the husband for the possession of the property, an affidavit by the husband, that the property is in possession of his wife is not a sufficient answer; and the bankruptcy court can compel the property to be turned over to the assignee.

[Cited in Re M'Kenna, 9 Fed. 29.]

3. Upon such a petition by the assignee, the court should require the bankrupt to answer.

[The bankrupt and his wife were examined, and their testimony fully taken touching this property. The assignee claimed it as the property of the bankrupts, or of one of them.] [2]

This was a petition by the assignee of the district court for the possession of personal property which it was alleged was in the hands of the bankrupts [Charles L. Pierce and James M. Whaling]. The petition remained unanswered except by the affidavit referred to in the opinion.

D. S. Ordway, for assignee.
James G. Jenkins, for bankrupts.

DRUMMOND, Circuit Judge. The facts set forth in the petition to the district court were substantially these:

That the bankrupts, some time ago, had entered into business with a very small capital; that they became indebted for large quantities of goods purchased; that the indebtedness continued and increased; that they were actually insolvent, the insolvency growing greater in amount all the time; that they did a very large business, incurred enormous debts, particularly to one firm, who had advanced them large sums of money from time to time, the indebtedness being between $300,000 and $400,000; that they lived in an expensive manner; had extravagant furniture considering their actual pecuniary condition when they commenced the business, and at periods afterward. Articles of luxury and expensive furniture were purchased by Mr. Pierce and placed in his house; and the statement is in the petition, which we have to take as true, that he gave those things (after he had purchased them, being then insolvent, and using other people's money, the

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 15 Alb. Law J. 517, contains only a partial report.]
[2] [From 15 N. B. R. 449, and 9 Chi. Leg. News, 300.]

product of the goods which may be said to to have belonged to others) to his wife, saying, "I give these to you."

He remained in the house; he had bought the property; there was no separation between man and wife, no severance of possession; they were both living in the house, and he having made use of the few simple words as above, it is claimed that his wife now owns this property, or that she has an adverse interest in it, and therefore that there must be a bill in chancery or a suit at law to determine the rights of the wife. Smith v. Mason, 14 Wall. [81 U. S.] 419; Marshall v. Knox, 16 Wall. [83 U. S.] 551.

Now, if it had been an article of apparel, or simply the wardrobe of the wife, or jewels, or any expensive personal articles which in a sense might be said to be appropriated to the use of the wife, it possibly might be different. But here was property in common between the husband and wife, of which there could not be a distinct, separate appropriation to the wife, unless the mere use of the words, "I give this to you," shall constitute a separate and distinct property, shall sever the possession, and from thenceforth the property shall be considered as the separate and independent property of the wife.

Can we tolerate such things as this? Can it be true that an insolvent merchant can fill his house with all sorts of extravagant furniture, and then say to his wife, "I give it to you," they remaining in the house and living together, and then compel the creditors, or assignee representing the creditors, to solemnly go through with what I cannot help calling the farce of filing a bill in chancery to deprive the wife of such a right as this?

I admit that wherever there appears to be an adverse interest in any one who is not before the court, the bankrupt court cannot adjudicate on the same without that person being properly before it, without setting in motion the machinery of a court for the purpose of litigating any supposed rights. But this is not an adverse interest. Does the mere fact that the husband says to the wife, "This property which I have bought and placed in my house is yours," constitute an adverse interest in the wife? I know of no law that leads to such a conclusion. There is not even an equity in the wife under such circumstances. The right of property and the possession of the property are absolutely unchanged. The statute of this state declares, I admit, as the statutes of most of the states now declare, that the wife can receive and hold as her own independent property that which she obtains from a source other than that of her husband. But it does not change the rule of law that unless it does not come from another source it still is the property of the husband.

In this case the petition alleges that the wife had no property, never has had any except her wardrobe and the usual presents made on a wedding day. It therefore rebuts the idea that any of this property whatever was purchased with the money of the wife. It was all purchased with the money of the husband, or rather the money of his creditors.

And then, again, a portion of this property was not even given by the husband to the wife. It was put upon premises, the title to which was apparently in the wife, and it is claimed to belong to the wife, because the husband bought the furniture or other articles of personal property, and put them upon the premises which the wife seemed to own. So that, whenever personal property is put by the owner upon real property owned by another, it transfers, under this view, the personal property to the owner of the real property. That certainly is a new doctrine in the law.

There is an affidavit put in, in answer to the petition to the district court, in which the husband alleges that he cannot deliver this property to the assignee because it is in the possession of his wife. Now, if he had shown in this affidavit that there was any possession in his wife, different from his own possession, there might be something in it. But he must rebut the presumption which arises from all the facts in the case, for they are both occupying, as man and wife, jointly, a house in which this furniture is placed. It is a necessary inference, as they are thus living together, that whatever possession the wife has, she has simply because she is living with her husband in the same house, and that he has said to her, "This property is yours."

The district court thought that there was in this case an adverse interest in the wife, and therefore, under some of the decisions of the supreme court, her right must be litigated in an independent action.

Now, if there did really appear to be an adverse right, I admit the binding authority of these decisions. But for the reasons I have already stated, it is most manifest that there is no adverse right in the wife. I know of no law or equity that, under these facts, gives her the slightest adverse right to the property. There certainly has not been any cited in this case. I think, therefore, that the bankrupt must meet the case made by the assignee in some other way than by such an affidavit as this, before the district court could of right hold that this woman can retain the property. I must say I have very little patience with transactions of this kind. If courts of justice are made to accomplish any object, it certainly is one of the very highest to protect, in the speediest possible way, the right of creditors attacked, as this case shows they have been here, and to sweep away, as a mere cobweb, such a transparent fraud as is shown in this case.

Therefore I shall remit the case to the district court, with instructions to that court to re .re the bankrupt to answer the petition, and then, when he has so answered, if it shall appear that there is really any adverse

interest in the wife, then, of course, she will be permitted to have her right ascertained in an independent proceeding.

[For a bill in equity by Augustus F. Cady, assignee, against the bankrupts, and Ella M. Whaling, the wife of one of them, to set aside certain alleged fraudulent transfers of property, real and personal, heard upon demurrer to bill, see Case No. 2,285.]